```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**PAUL DAVID KATEKARU,**

                      Petitioner,

           v.                        CASE NO. 93-3428-RDR

**WILLIE SCOTT,**

                      Respondent.

## O R D E R

This matter is before the court upon petitioner's "Motion pursuant to Rule 60(b)(4)" of the Federal Rules of Civil Procedure. Having reviewed the case file, and considered all materials submitted by petitioner, the court finds no valid grounds are presented for relief from judgment.

**FACTUAL BACKGROUND**

On October 12, 1993, Mr. Katekaru filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, arguing his good time credit had been incorrectly calculated by Bureau of Prisons (BOP) officials; he was entitled to twelve additional days of statutory good time; and he was entitled to have his release date advanced from November 6, 1993, to October 25, 1993. This court issued an expedited show cause order to respondent, given that petitioner's release was imminent. After reviewing the Answer and Return with exhibits, the court declined to dismiss the action for failure to exhaust administrative remedies as urged by respondents, and instead considered petitioner's arguments on the merits. The

court concluded that the calculation of petitioner's sentence credit by BOP officials had been correct, and denied his petition on November 4, 1993.

Petitioner wrote a letter dated November 4, 1993, addressed to the undersigned judge, which was sent by regular mail and arrived at the court post-marked November 7, 1993. In the letter, petitioner advised that on November 1, 1993, he had received "updated Sentence Computation Sheets" from prison officials notifying him that on October 29, 1993, his earned "Camp Good Time" had been changed from 26 to 18 days; and as a result his release date had been "retarded" from November 6, 1993 to November 15, 1993.[1] He stated this change was contrary to his "understanding" of the BOP's policy as to "Camp Good Time," cited 18 U.S.C. § 4162, and briefly claimed other irregularities with this "disallowance of good time[2]." He added the completely conclusory statement that his earned "Extra Good Time Credit" award had been "adjusted

---

[1] Petitioner pointed out that this action took place one day after respondents filed their Answer and Return, and acknowledged that the documentation with that pleading established November 6, 1993, as his correct release date. The court notes this also indicates petitioner's claim in his original petition, that November 6 was not the correct release date, had no merit.

[2] In the motion now before the court, petitioner asserts this change violated his rights to due process and equal protection, and amounted to an illegal seizure of his person, cruel and unusual punishment, imposition of multiple punishments, and a double jeopardy violation. He also asserts that this change "defeated (his) legitimate expectation of finality" in his sentence. He further claims he was "held captive" by the BOP for eight days beyond his lawful sentence. He derides the court and respondents for not "intervening," despite his having written a letter informing them of this allegedly illegal change.

2

retaliatively[3]."  He asked the court to issue summons to several BOP employees and hold an evidentiary hearing "in this matter."

The court read this correspondence soon after it was received, found no action was necessary in this closed case, did not construe it as a motion, and did not direct the clerk to docket it.  The letter was retained in the case file with the notation dated November 16, 1993, that the undersigned judge found no action necessary.  Mr. Katekaru was released from prison on November 15, 1993.  He did not appeal from the judgment dismissing this action. Nothing further was submitted in this closed case until October 31, 2007, when petitioner filed the instant Rule 60(b)(4) motion seeking to "void" the order denying his habeas corpus petition in 1993.

As the factual basis for this motion, petitioner refers to the letter regarding the later change in his release date.  His asserted legal theory is that the court's failure to construe and docket his letter as a post-judgment motion created "a procedural defect" in the 1993 habeas proceeding and was a violation of due process that rendered the judgment that preceded it in this case void.

---

[3] As noted, in 1993 petitioner complained that the act of withdrawing eight days of his credit did not comport with BOP policy.  In his 2007 motion, he claims this change was instigated by his Unit Manager Shirley Crump, maliciously, with animosity, and in retaliation; and was effectuated at Crump's urging by "Inmate systems Legal Instruments Examiner" Mary Jane Bright.  The latter allegations were not made in the 1993 letter.

3

**TIMELINESS OF MOTION**

The first question that leaps to mind is whether or not the court has jurisdiction over this motion filed so many years after the judgment. As petitioner points out, fourteen years have passed since the denial of his habeas corpus petition, and he has not been in custody on the sentence in question since his release in 1993. Nevertheless, he assumes this court has jurisdiction because he brings the motion under subsection (b)(4) of FRCP Rule 60(b). FRCP Rule 60(b) provides for relief from a final judgment or order, and sets forth six subdivisions of reasons for which a court may grant such relief. Petitioner did not file a Rule 60(b) motion within one year or a reasonable time after judgment was entered in this case. The sole provision he may now proceed under is the only one not subject to those time limits, subsection (b)(4)[4].

Petitioner makes it patently clear that all facts and arguments which he raises in this motion were known to him the day the 1993 judgment was entered. Yet, he did not timely file a motion to alter or amend judgment. He had the ability to appeal, but made no attempt to do that in a timely manner. See Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). "If there is ever to be closure to litigation, such motions should be granted

---

[4] Rule 60(b) provides that a motion thereunder "shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken." Despite this language, a motion under Rule 60(b)(4) may be made at any time. See United States v. Buck, 281 F.3d 1336, 1344 (10th Cir. 2002), citing Orner v. Shalala, 30 F.3d 1307, 1310 (10th Cir. 1994), 12 Moore's § 60.44[5][c], and 11 Wright & Miller § 2862, at 324. Petitioner filed this motion way beyond the one-year time limit and certainly not within a reasonable time.

only for compelling reasons," and "the Federal Rules of Civil Procedure so provide." Buck, 281 F.3d at 1340; V.T.A., Inc., v. Airco, Inc., 597 F.2d 220, 224-25 (10th Cir. 1979)("In the interest of finality, the concept of setting aside a judgment on voidness grounds is narrowly restricted.").

**FRCP RULE 60(b)(4)**

Even if petitioner's motion is appropriately considered under Rule 60(b)(4), and therefore timely, it has no merit. Generally, relief from judgment under any subdivision of Rule 60(b) "is extraordinary and may only be granted in exceptional circumstances". Allender v. Rayatheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006), quoting Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir. 1990); Servants of the Paraclete, 204 F.3d at 1009. The party seeking relief from a judgment bears the burden of demonstrating he satisfies the prerequisites for such relief. Id.; Van Skiver v. United States, 952 F.2d 1241, 1243-44 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992). Rule 60(b)(4) specifically provides that the court may relieve a party from a final judgment if "the judgment is void." Petitioner claims that the judgment denying his habeas corpus petition in 1993 is void and should be set aside under Rule 60(b)(4). A judgment is void under Rule 60(b)(4) if the rendering court was powerless to enter it. Gschwind v. Cessna Aircraft Co., 232 F.3d 1342, 1346 (10th Cir. 2000), cert. denied, 533 U.S. 915 (2001). It is void "only if the court which rendered it lacked

5

jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process of law." FRCP Rule 60(b)(4); <u>Buck</u>, 281 F.3d at 1344; <u>In re Four Seasons Sec. Laws Litig.</u>, 502 F.2d 834, 842 (10th Cir.), <u>cert</u>. <u>denied</u>, 419 U.S. 1034 (1974).

**<u>DISCUSSION</u>**

Petitioner's contentions do not go to the jurisdiction or power of the federal district court. Instead, the crux of Mr. Katekaru's claim is his assertion that the court erred by not docketing his letter, received post-judgment, as a motion[5]. On a daily basis, the federal court considers, interprets, and responds to a great variety of correspondence from prison inmates. It clearly has the discretion to and does construe appropriate letters as pleadings to be filed in pending cases. However, when a litigant sends a letter directly to a judge, and it does not appear from the face of the letter that it was intended to or should be

---

[5] Petitioner claims the court created "a procedural defect in the integrity of the habeas proceeding" when it failed to docket his letter, and that the court was required to "scrutinize the letter to determine if the Movant had stated a claim for which relief could be granted." He further alleges that because he sent the letter within ten days of the court's judgment, the court's failure to docket it constitutes an abuse of discretion and a "grievous procedural defect." He asserts the appropriate remedy for the court's "plain procedural defect" is to set aside its November 4, 1993 order denying habeas corpus relief, and now docket his November 4, 1993 letter as a motion pursuant to Rule 60(b)(3). He argues the court should then conduct an investigation into his allegations of fraud by the BOP and determine his claim that the BOP on October 29, 1993, violated his rights and its own regulations when it changed the amount of "Extra Good Time Credit" earned, and "retarded" his release date to November 15, 1993. He even goes on to argue that the court should void his sentence and conviction in <u>U.S. v. Katekaru</u>, 87-20063-01-EEO (D.Kan.), on double jeopardy grounds. A Rule 60(b) motion is not an appropriate vehicle to have his criminal conviction set aside. Petitioner also invites respondent to engage in settlement negotiations.

construed as something more, the court is not required to docket the letter as a motion. This subsequent complaint first mentioned in petitioner's letter, the one he now wishes to recover money damages upon, is not the same claim as the one raised in the habeas corpus petition filed herein and denied in the court's judgment entered in 1993[6]. The court, exercising its discretion, did not view petitioner's letter complaining of a different set of facts including a distinct and subsequent BOP decision, as a proper motion in this case.

At most, the court was in error in not treating petitioner's letter as a post-judgment motion.[7] A court does not act without jurisdiction when it makes an error. Buck, 281 F.3d at 1344, citing In re Four Seasons, 502 F.2d at 842 ("A judgment is not void merely because it is erroneous."); V.T.A., Inc., 597 F.2d at 224.

Moreover, the allegations in petitioner's 1993 letter did nothing to undermine the integrity of the proceedings or judgment

---

[6] In his 1993 letter, petitioner complained of the BOP's October 29, 1993 determination either to withdraw or forfeit days of "camp time credit." This is a different eight days of credit (Nov. 6, 1993 to November 15, 1993) than the twelve days (October 25, 1993 to November 6, 1993) disputed in the original petition, and the date and type of the BOP action is different.

[7] It is not evident what subdivision of 60(b) a "timely" motion might have been construed as falling within. In his 2007 motion, petitioner suggests there was fraud on the court and fraud by BOP officials. Ordinarily, claims of fraud between the parties are brought under FRCP Rule 60(b)(3), while claims of fraud on the court are brought as an independent action or under Rule 60(b)(3). See Zurich North America v. Matrix Service, Inc., 426 F.3d 1281, 1290-91 (10th Cir. 2005). However, as discussed earlier, petitioner did not timely file a motion under subsection (b)(3). Moreover, he has never alleged sufficient facts to support a motion based on fraud. Generally speaking, only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. See Weese v. Schukman, 98 F.3d 542, 552-53 (10th Cir. 1996).

construed as something more, the court is not required to docket the letter as a motion. This subsequent complaint first mentioned in petitioner's letter, the one he now wishes to recover money damages upon, is not the same claim as the one raised in the habeas corpus petition filed herein and denied in the court's judgment entered in 1993[6]. The court, exercising its discretion, did not view petitioner's letter complaining of a different set of facts including a distinct and subsequent BOP decision, as a proper motion in this case.

At most, the court was in error in not treating petitioner's letter as a post-judgment motion.[7] A court does not act without jurisdiction when it makes an error. Buck, 281 F.3d at 1344, citing In re Four Seasons, 502 F.2d at 842 ("A judgment is not void merely because it is erroneous."); V.T.A., Inc., 597 F.2d at 224.

Moreover, the allegations in petitioner's 1993 letter did nothing to undermine the integrity of the proceedings or judgment

---

[6] In his 1993 letter, petitioner complained of the BOP's October 29, 1993 determination either to withdraw or forfeit days of "camp time credit." This is a different eight days of credit (Nov. 6, 1993 to November 15, 1993) than the twelve days (October 25, 1993 to November 6, 1993) disputed in the original petition, and the date and type of the BOP action is different.

[7] It is not evident what subdivision of 60(b) a "timely" motion might have been construed as falling within. In his 2007 motion, petitioner suggests there was fraud on the court and fraud by BOP officials. Ordinarily, claims of fraud between the parties are brought under FRCP Rule 60(b)(3), while claims of fraud on the court are brought as an independent action or under Rule 60(b)(3). See Zurich North America v. Matrix Service, Inc., 426 F.3d 1281, 1290-91 (10th Cir. 2005). However, as discussed earlier, petitioner did not timely file a motion under subsection (b)(3). Moreover, he has never alleged sufficient facts to support a motion based on fraud. Generally speaking, only the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated will constitute a fraud on the court. See Weese v. Schukman, 98 F.3d 542, 552-53 (10th Cir. 1996).

in this case. Nor did petitioner allege facts suggesting the entry of judgment in this case occurred in such an arbitrary or improper manner that due process was violated. Petitioner's letter of 1993 did not seek to attack the judgment entered by the court, and in fact was written before he received the court's judgment. Thus, there was no reason to treat it as either a Rule 59(e) motion or a Rule 60(b) motion.

There was nothing in the letter to even remotely suggest that the court was without power to enter its judgment in this case or that there had been a "procedural defect in the integrity of the habeas proceeding." It follows that the court did not violate due process by not construing petitioner's letter as such a motion in this closed case, since it recounted a "new" complaint - withdrawal of credit[8] - based upon a different set of facts. Nor did the court deny due process by not docketing petitioner's correspondence received after this action had been dismissed. It also did not deny due process by not acting on petitioner's new claim, when he had not filed a proper motion, action, or made any attempt to exhaust administrative remedies[9] on this new disagreement with

---

[8] Petitioner cites no federal law which prohibited a correction or forfeiture of good time credit in 1993. Nor does he claim the action was taken without due process.

[9] It is settled case law that a challenge to the execution of a federal sentence must initially be presented to prison authorities through the administrative remedy process prior to being raised in federal court. Petitioner has never alleged that he informed any prison official with authority over execution of his sentence that he believed the release date of November 15, 1993, was incorrect and why. The BOP has long had a well-established, tiered, prisoner grievance process in place. Mr. Katekaru was aware of this exhaustion prerequisite. This opportunity to be heard presumably satisfied the Due Process Clause, and he should have used it to challenge the withdrawal of his credit.

prison officials.

Finally, the court remarks that in order to decide this Rule 60(b)(4) motion, it was not obliged to fashion some way for Mr. Katekaru to now invalidate the BOP's October 29, 1993, decision to withdraw eight days of his camp time credit.[10] Instead, the court was only required to determine whether or not he presented grounds for relief from the judgment dismissing this action. As noted, petitioner did not show in either his 1993 letter or his 2007 motion that he timely sought administrative relief within the BOP, and court records indicate he did not file a habeas corpus petition in this court based upon this subsequent claim. He was released from prison and waited over three years before he filed an action seeking money damages based upon this claim. However, as noted, his 1997 Bivens action was dismissed under Heck precisely because he had not sought and obtained a favorable disposition of his claim.

---

See Parratt v. Taylor, 451 U.S. 527 (1981)(A prisoner does not have a civil rights claim for a "random and unauthorized" deprivation of property without due process where the state provides an adequate postdeprivation remedy.). Although petitioner suggested there had been some interference with his prior administrative efforts, his allegations in this regard were completely conclusory. He did not allege that he sought review of the October 29 withdrawal of credit, but his request was ignored, or that there were no procedures in place to address such a request.

[10] Petitioner's express purpose in filing this 60(b)(4) motion is to clear the way for him to sue federal employees under Bivens or the United States under the FTCA for money damages based on the claim of an unlawful extension of his sentence due to improper withdrawal of good time credits under federal law. He attempted to bring such a lawsuit in 1997, but his claim was found to be barred by Heck. Under Heck, a claim does not "accrue" until the underlying allegedly illegal action has been invalidated, so petitioner's fourteen-year-old claim may not be barred by ordinary statutes of limitations. However, the court reiterates that the claim raised and rejected in this closed case is not the one petitioner seeks to litigate in a civil lawsuit.

The court concludes that petitioner's Rule 60(b)(4) motion seeking relief from the November 4, 1993 judgment entered herein must be denied.

**IT IS THEREFORE ORDERED** that petitioner's Motion Pursuant to Rule 60(b)(4) [Doc. 6] is denied.

**DATED:  This 7th day of May, 2008, at Topeka, Kansas.**


                                        s/RICHARD D. ROGERS
                                        United States District Judge